```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES OF AMERICA                 :
                                         :
              -v-                        :   16cr739 (DLC)
                                         :   23cv8588
GABRIEL ARIAS ROSA.                      :
                                         :   OPINION AND
                                         :      ORDER
              Defendant.                 :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On September 22, 2023, Gabriel Arias Rosa (Arias) filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the following reasons, it is denied as untimely.

## Background

On March 16, 2018, Gabriel Arias Rosa entered a plea of guilty to possessing a firearm while being an unlawful user of a controlled substance, and to distributing marijuana, in violation, respectively, of 18 U.S.C. § 922(g)(3) and 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). The Court advised the defendant, inter alia, that he was charged with knowingly possessing a firearm. Arias explained that in May of 2016 he was selling marijuana. When someone threatened him with a knife, Arias retrieved a gun, shot at his attacker, chased him, and then shot him after the attacker had fallen to the ground.

On July 31, 2018, Arias was sentenced principally to a term of imprisonment of 120 months. In a letter to the Court in support of leniency and at the sentencing proceeding itself, Arias admitted again that he had shot the victim but was very sorry for having done so.

On August 14, the Court extended Arias' time to file a notice of appeal by 10 days. Arias did not appeal his conviction. Therefore, his time to file a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 expired on August 24, 2019.

In a § 2255 petition dated September 22, 2023, and docketed on September 29, the defendant claims that his plea was not knowing and voluntary. The petition appears to claim that Arias was not adequately informed that he was charged with knowingly possessing a firearm.

The petition was filed roughly four years after the time allowed. An October 4 Order advised Arias of the one-year time limit for filing a habeas petition and the law of equitable tolling. Arias responded in a submission of November 27.

In support of equitable tolling, it appears from his submission that Arias is relying on an argument of actual innocence. He may also be relying on his ignorance of the time limit for filing a habeas petition, and his counsel's advice to

him before he entered his plea. Arias asserts that his attorney had assured him that he would retain the right to file an appeal or a post-conviction petition if he entered a plea of guilty.

## Discussion

A § 2255 petition must be filed within one year of one of four benchmark dates. As relevant to this motion, the one-year period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C § 2255(f)(1); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (finding that, where a defendant did not appeal, a conviction is final under § 2255 after the period for filing a direct appeal expires).

A petitioner may secure equitable tolling of the limitations period for filing a federal habeas petition only in "rare and exceptional circumstances." Clemente v. Lee, 72 F.4th 466, 478 (2d Cir. 2023) (citation omitted). To benefit from equitable tolling, the petitioner must establish that: (a) extraordinary circumstances prevented him from filing a timely petition, and (b) he has been pursuing his rights diligently. Holland v. Florida, 560 U.S. 631, 649 (2010); Doe v. United States, 76 F.4th 64, 71 (2d Cir. Aug. 4, 2023). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Doe, 76 F.4th at 73 (citation

3

omitted). The party seeking equitable tolling "is required to show reasonable diligence in pursuing his claim throughout the period he seeks to have tolled." Smalls v. Collins, 10 F.4th 117, 145 (2d Cir. 2021) (citation omitted). "This showing cannot be made if the party, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Id. (citation omitted).

Ignorance of the one-year time limit for filing a habeas petition does not constitute an excuse for a late filing. See Socha v. Boughton, 763 F.3d 674, 685 (7th Cir. 2014); Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 464 (6th Cir. 2012) (ignorance of law is not an "extraordinary circumstance"); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (collecting cases); see also Dezaio v. Port Auth. Of NY & NJ, 205 F.3d 62, 64 (2d Cir. 2000) (untimely civil filing not excused by "ignorance of the law").

A plea of actual innocence may overcome a procedural bar to consideration of habeas petitions. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). A petitioner who asserts actual innocence is barred by the one-year time limit, however, "unless new evidence shows that it is more likely than not that no reasonable juror would have convicted them." Cosey v. Lilley,

4

62 F.4th 74, 77 (2d Cir. 2023) (citing McQuiggin, 569 U.S. at 395).

Arias has not made any showing that he is actually innocent of the crimes to which he pleaded guilty. He does not deny that he knowingly possessed the gun with which he shot the victim, or that the shooting was in connection with Arias' marijuana sales. To the extent he refers to his counsel's advice before his plea that he would retain the right to appeal and to file a habeas petition, that advice was not incorrect.

## Conclusion

Gabriel Arias Rosa's September 22, 2023 petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied as untimely. The defendant having not made a substantial showing of a denial of a federal right, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 234, 241 (2d Cir. 1998); Rodriguez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).

The Clerk of Court shall mail Arias a copy of this Order

and note mailing on the docket.

Dated:   New York, New York
         January 9, 2024

                                           _____
                                           DENISE COTE
                             United States District Judge